PAUL J. PFINGST, ESQ. (Bar No. 112967)
pfingst@higgslaw.com
CHRISTINA M. DENNING, ESQ. (Bar No. 211137)
denningc@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA  92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Plaintiffs
SHAKINA ORTEGA, individually, and as successor
of interest of VICTOR ORTEGA, deceased;
TAMIA ORTEGA, a minor, by and through her
guardian Shakina Ortega; and
JACOB ORTEGA, a minor, by and through his
guardian Shakina Ortega

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKINA ORTEGA, individually, and as successor of interest of VICTOR ORTEGA, deceased; TAMIA ORTEGA, a minor, by and through her guardian Shakina Ortega; and JACOB ORTEGA, a minor, by and through his guardian Shakina Ortega,<br><br>                    Plaintiffs,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT, a public entity; JONATHAN MCCARTHY, an individual; CITY OF SAN DIEGO, a public entity; and DOES 1 through 10,<br><br>                    Defendants. | CASE NO. **'13CV0087 LAB JMA**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Civil Rights Violations (42 U.S.C. § 1983);<br><br>2. Discrimination/Civil Rights Violations (Civ. Code, § 51.7) (Survival Action);<br><br>3. Civil Rights Violations; (Civ. Code, § 52.1(b)(h)) (Survival Action);<br><br>4. Assault and Battery (Gov. Code, § 815.2(a)) (Survival Action);<br><br>5. Wrongful Death; and<br><br>6. Negligence (Gov. Code, § 815.2(a)).<br><br>*JURY TRIAL DEMANDED* |

## INTRODUCTORY ALLEGATIONS

1. Jurisdiction is vested in this court under 28 U.S.C. section 1343, subdivisions (a)(3) and (a)(4), for violations of the Civil Rights Enforcement Act, as amended, including 42

///

Case No. _____
COMPLAINT FOR DAMAGES

U.S.C. sections 1983 and 1985, and sections 1331 and 1367, subdivision (a). Jurisdiction is also vested in this Court under the ancillary jurisdiction of the Court.

2. Venue is proper in the Southern District of California and the County of San Diego because the incidents alleged here occurred in this District.

3. At all relevant times mentioned here, Plaintiff SHAKINA ORTEGA ("SHAKINA"), was a resident of San Diego County, California, and the spouse of decedent, VICTOR ORTEGA ("VICTOR"). VICTOR was a Latino male. SHAKINA is the heir at law of VICTOR, and pursuant to California Code of Civil Procedure section 377.32, is VICTOR'S successor in interest entitled to bring this action on his behalf in that capacity, having filed with this Court concurrently with this Complaint her declaration in compliance with that code section. At all times mentioned here, Plaintiffs JACOB ORTEGA ("JACOB"), age 15 months, and TAMIA ORTEGA ("TAMIA"), age six (6) years, were residents of San Diego County, California, and are Latino/African-American male and female. VICTOR was the father of JACOB and TAMIA. SHAKINA is JACOB's and TAMIA's mother.

4. At all relevant times mentioned here, Defendant CITY OF SAN DIEGO ("CITY"), was a municipal corporation, organized and existing under the laws of the State of California. At all relevant times mentioned here, Defendant JONATHAN MCCARTHY ("MCCARTHY"), was a resident of San Diego County, California, and a sworn peace officer for the SAN DIEGO POLICE DEPARTMENT ("SDPD"), acting within the course and scope of his employment with Defendants SDPD and CITY.

5. At all relevant times mentioned here, SDPD was a department of CITY, organized and existing under the laws of the State of California.

6. Plaintiffs are unaware of the true names and capacities of those Defendants sued as 10 unknown other named Defendants ("DOES") and therefore sue these Defendants using their fictitious names. Plaintiffs will amend this complaint to allege each unknown DOE Defendant's true name and capacity when that information becomes known. Plaintiffs are informed and believe that each of these unknown Defendants is legally responsible and liable for the incident, injuries and damages set forth here, and that each of these Defendants legally caused the injuries

and damages by reason of the negligent, careless, deliberately indifferent, intentional, willful, wanton or despicable conduct as described below.

7. At all relevant times mentioned here, MCCARTHY was an agent, employee, and/or co-conspirator of each of the remaining Defendants, including CITY and SDPD, and in doing the things alleged here, was acting in the course and scope of that agency, employment and/or conspiracy, and with the consent of each co-Defendant.

8. On the morning of June 4, 2012, at approximately 7:30 a.m., VICTOR was a law-abiding citizen residing at his home, located at 8830 Flanders Drive in San Diego, California. SHAKINA called 911 to report a domestic occurrence at approximately 7:40 a.m. When two officers arrived at the residence, SHAKINA was standing at the porch. She was physically safe and sound. MCCARTHY noticed VICTOR had left out the back door of his home, so MCCARTHY drove around the area until he saw VICTOR. MCCARTHY exited the vehicle and chased VICTOR on foot until both VICTOR and MCCARTHY came to a gate on the east side of the apartment complex, near 10500 Caminito Flores in San Diego, California.

9. As VICTOR was entering through a gated narrow corridor, MCCARTHY confronted VICTOR.

10. While in the corridor, MCCARTHY yelled, "Get down on the ground," and VICTOR responded, "Are you kidding me?" and "I am going to sue you." VICTOR was handcuffed, and then MCCARTHY fired two shots at VICTOR, one through the back of the neck from behind, and one in the abdomen from the front, killing him. VICTOR was unarmed. Prior to shooting him, MCCARTHY did not warn VICTOR that he was going to shoot VICTOR. The official time of VICTOR's death was 8:11 a.m.

11. Before the time VICTOR was shot by MCCARTHY, VICTOR had not acted in a threatening manner. There was no reason for MCCARTHY to have believed that VICTOR was dangerous or wielding a weapon. VICTOR did not commit any act or engage in any conduct which reasonably would have caused MCCARTHY to believe that VICTOR was threatening MCCARTHY or any other person in any manner. MCCARTHY had no reason or probable cause to justify the use of deadly force against VICTOR.

12. Although VICTOR had not threatened anyone, was not armed in any manner at all and MCCARTHY had no probable cause or reasonable belief that VICTOR posed a dangerous threat, MCCARTHY pointed his service pistol at VICTOR and executed him. Plaintiffs are informed and believe that MCCARTHY did not know VICTOR before this incident.

13. At the time MCCARTHY fired his weapon, MCCARTHY was not acting in self-defense or in the defense of others, since VICTOR was not armed and had cooperated with MCCARTHY's request to get on the ground.

14. At a minimum, VICTOR did nothing to MCCARTHY or any other person to justify the use of excessive and deadly force against him. MCCARTHY's use of deadly force under these circumstances against VICTOR was excessive, unlawful, malicious, oppressive and done with a reckless and deliberate indifference to VICTOR's rights, justifying the imposition of punitive damages.

15. After MCCARTHY's reckless conduct and the unlawful shooting of VICTOR, SHAKINA was taken to the hospital, over her objection, even though she repeatedly said that she felt fine and did not need medical care. SHAKINA was not timely informed by MCCARTHY, CITY or SDPD that her husband had been fatally shot. In fact, it was more than three hours after VICTOR had been shot dead by MCCARTHY that SHAKINA was finally informed of VICTOR's death.

16. After her husband's death, SHAKINA's family spoke on the phone with Sergeant Joe Howie of the SDPD homicide department, who conveyed that MCCARTHY said "he had had enough of it and was too tired to go on, so he decided to end it all."

17. As a result of MCCARTHY's conduct, VICTOR died, and SHAKINA lost her loving husband whom had been a part of her life for more than 12 years. JACOB must go through life never knowing his father. JACOB and TAMIA must cope with the severe emotional injuries associated with losing a parent.

///

///

///

FIRST CAUSE OF ACTION

(VIOLATION OF FEDERAL CIVIL RIGHTS
(42 U.S.C. §1983 and 28 U.S.C. §2679) against CITY OF SAN DIEGO,
SAN DIEGO POLICE DEPARTMENT, MCCARTHY and DOES 1 through 10)

18. Plaintiffs incorporate by reference the allegations in paragraph 1 through 17 above as if fully set forth here.

19. This cause of action addresses the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

20. At all relevant times, CITY and SDPD employed MCCARTHY as a police officer. The CITY and SDPD provided MCCARTHY with an official badge, identification and uniform, which designated and described him as a CITY/SDPD employee and/or police officer.

21. At all relevant times mentioned here, SDPD, CITY and MCCARTHY, separately and in concert, acted under color of law, as well as under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the CITY and SDPD. Each of these Defendants deprived VICTOR of the rights, privileges and immunities secured to him by the United States Constitution and the laws of the United States.

22. On June 4, 2012, SDPD, MCCARTHY and CITY assaulted, battered and/or falsely imprisoned VICTOR and SHAKINA as described above. VICTOR was shot and killed and was deprived of his life, liberty interests and his rights to bodily integrity, security in his person and due process of law. SHAKINA was taken against her will to the hospital and detained there for several hours.

23. Plaintiffs are informed and believe that each of the Defendants then also willfully and intentionally undertook to protect those involved in this incident from civil and criminal liability by covering up the true facts of the interaction with VICTOR, in violation of Plaintiffs' constitutional rights. These facts include but are not limited to:

(a) The preparation of false reports and the giving of false statements regarding the circumstances of the interaction with VICTOR and SHAKINA, intentionally and

willfully refraining from collecting or recording other evidence, and refusing to review and turn over evidence that would show that VICTOR had committed no wrongs to justify MCCARTHY's actions. All of these actions caused the damages and injuries described in this Complaint.

24.  The facts alleged above are unfortunately part of the customs, practices, habits, policies and decisions of the CITY and SDPD, including but not limited to the following:

  (a)  Covering up the criminal and/or wrongful activities of fellow law enforcement officers by false reporting, false investigating, perjury and dishonesty and engaging in a "code of silence" in violation of the rights and privileges of Plaintiffs and other citizens subjected to the use of unreasonable force and unreasonable seizures of their persons;

  (b)  Inadequate and/or fraudulent investigations of misconduct by fellow law enforcement officers in order to cover-up and protect fellow officers from disciplinary, criminal and civil actions in violation of Plaintiffs' rights and privileges;

  (c)  Refusing to supervise, reprimand and/or discipline law enforcement officers who engage in misconduct, contrary to the laws, rules and regulations of the CITY and SDPD, thus effectively condoning the use of unreasonable force by their officers and agents;

  (d)  Tacitly approving of law enforcement officers utilizing their power and position to interfere with Plaintiffs' and other citizens' rights, including the right to be free in one's bodily integrity, life, liberty and security in his person; and

  (e)  Engaging in the negligent, reckless and/or unreasonable use of deadly force, especially against unarmed citizens, reflecting poor training in the appropriate use of deadly force.

25.  The above acts or omissions of SDPD, CITY and MCCARTHY were undertaken while acting under the color of state law, and resulted in the violation of Plaintiffs' constitutional rights, as stated above. Likewise, the customs, practices, policies, habits and decisions of the CITY, SDPD and MCCARTHY, alleged here and as applied to Plaintiffs, resulted in a violation of each of their Constitutional rights.

///

26. SHAKINA has a liberty interest in maintaining the companionship and society of her husband, VICTOR. Those rights and privileges are secured to SHAKINA by the provisions of the First Amendment and the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, and by 42 United States Code section 1983. All of these interests were implicated by the wrongful conduct of the Defendants, which legally caused injury and damages to SHAKINA. TAMIA and JACOB have similar interests, which have also been deprived.

27. Defendants CITY, SDPD and MCCARTHY acted outside the scope of their jurisdiction and without legal authorization. Each of the Defendants, separately and in concert, acted willfully, intentionally, knowingly and/or with reckless disregard and callous indifference to deprive Plaintiffs of their rights and privileges, and did in fact violate these rights and privileges.

28. As a direct and legal result of these acts, omission, customs, practices, policies, habits and decisions of each of the Defendants, Plaintiffs' civil rights have been violated.

29. As a further legal result of the actions and failures to act as described above, VICTOR lost his life, and SHAKINA, TAMIA and JACOB have suffered severe physical and emotional injuries to their mind and bodies, all in an amount to be determined according to proof at trial, but at least $10,000,000.00.

30. As a further legal result of each of the Defendants' conduct, SHAKINA, TAMIA and JACOB will be required to employ physicians, psychiatrists and psychologists to examine, treat, and care for them. Consequently, they will incur healthcare expenses for physician costs, treatment bills and other incidental or medical expenses, each in an amount to be determined according to proof at trial.

31. As a further legal result of each of the Defendants' conduct, Plaintiffs have lost earnings in the past, and will lose earnings in the future, all in an amount to be determined according to proof at trial.

32. As a further legal result of each of the Defendants' conduct, SHAKINA has incurred funeral and burial expenses in amount to be determined according to proof at trial.

///

33. Plaintiffs are entitled to costs, attorney's fees and expenses, all in an amount to be determined according to proof at trial, pursuant to 42 U.S.C. section 1988 and 28 U.S.C. section 2412.

34. The above-described acts of the CITY, SDPD and MCCARTHY were carried out with a conscious disregard for the rights and safety of VICTOR, thereby justifying the awarding of exemplary and punitive damages against each of those Defendants, in an amount to be determined according to proof at trial. VICTOR had not committed any crime warranting execution, and he was unarmed when he was attacked and shot by MCCARTHY. VICTOR had not posed a reasonable threat to MCCARTHY or to any other person so as to justify the use of deadly force against him.

## SECOND CAUSE OF ACTION

(DISCRIMINATION/CIVIL RIGHTS VIOLATIONS UNDER THE RALPH CIVIL RIGHTS ACT against CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, MCCARTHY and DOES 1 through 10)

35. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 34 above as if fully set forth here.

36. Plaintiffs are informed and believe that MCCARTHY decided to intimidate, assault, batter, shoot and kill VICTOR as described above, as a result of his racial prejudice against him because he was a Latino male. Plaintiffs contend that MCCARTHY would not have threatened, shot and killed VICTOR if he had not been a minority, specifically, Latino. Consequently, in choosing to exercise this force and violence, MCCARTHY discriminated against VICTOR on account of his race.

37. In committing the acts described above, Defendants violated VICTOR's rights to be free from violence and threats of violence because of his race, as guaranteed them by California Civil Code section 51.7.

38. As a legal result of this unjustified use of deadly force, VICTOR died from injuries he sustained in the incident, and SHAKINA, JACOB and TAMIA sustained serious and permanent emotional injuries, trauma and damages.

///

39. As a further legal result of MCCARTHY's conduct, before VICTOR actually died, but after MCCARTHY injured him, VICTOR suffered severe physical and emotional pain and injury, all in an amount to be determined according to proof at trial.

40. In doing the acts alleged in this complaint, each of the Defendants knew or should have known that their actions were likely to injure Plaintiffs. Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants intended to cause these Plaintiffs injury, and acted with a willful and conscious disregard of their rights as secured by California Civil Code section 51.7. VICTOR was unarmed when he was intimidated, assaulted, battered and shot, had not committed any crime, and had not posed any reasonable threat to MCCARTHY or any other person so as to justify the use of deadly force against him. Accordingly, Defendants' conduct justifies the awarding of punitive damages against each of the individual Defendants pursuant to California Civil Code section 52, subdivision (b)(1), in an amount to be determined according to proof at trial.

41. As a further legal result of this civil rights violation, Plaintiffs are entitled to the award of reasonable attorneys' fees as provided for in California Civil Code sections 52 and 52.1, subdivisions (b) and 52.1(h), in an amount to be determined according to proof at trial. Additionally, Plaintiffs are entitled to a civil penalty award against the individual Defendants in an amount up to $25,000.00, pursuant to section 52, subdivision (b)(2).

THIRD CAUSE OF ACTION

(FOR CIVIL RIGHTS VIOLATIONS UNDER THE
TOM BANE CIVIL RIGHTS ACT against CITY OF SAN DIEGO,
SAN DIEGO POLICE DEPARTMENT, MCCARTHY and DOES 1 through 10)

42. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 41 as if fully set forth herein.

43. On June 4, 2012, at approximately 7:45 a.m., at the location indicated above, each of the Defendants interfered with VICTOR's exercise and enjoyment of the rights guaranteed him by California Civil Code sections 51.7 and 43. Specifically, each of the Defendants interfered with his right to be free of any threats of violence or intimidation, by intimidating him with

///

physical harm and violence, and by shooting and killing him after he had posed no deadly threat to the safety of any other person.

44. As a legal result of this unjustified use of deadly force, VICTOR died from the damages and injuries he sustained in the shooting, and Plaintiffs sustained severe and permanent emotional damage, trauma and injuries.

45. As a further legal result of each of the Defendants' conduct as described here, prior to his death, and before he actually died, VICTOR suffered severe physical and emotional pain and injury, all in an amount to be determined according to proof at trial.

46. In doing the acts alleged in this complaint, each of the Defendants knew, or through the exercise of reasonable diligence should have known, that their actions were likely to injure these Plaintiffs. Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants intended to cause Plaintiffs' injuries and acted with a willful and conscious disregard for their rights as secured by Civil Code sections 43 and 51.7. VICTOR was unarmed when he was attacked, and he had not posed any reasonable threat to any other person so as to justify the use of deadly force against them. Accordingly, Defendants' conduct justifies the awarding of punitive damages against the individual Defendants pursuant to California Civil Code section 52, subdivision (b)(1), and a civil penalty up to $25,000.00 pursuant to section 52.1, subdivision (a).

47. As a further legal result of this civil rights violation, Plaintiffs seek the award of reasonable attorneys' fees as provided for in California Civil Code sections 52.1 subdivisions (b) and (h), in an amount to be determined according to proof at trial.

FOURTH CAUSE OF ACTION

(FOR ASSAULT AND BATTERY against CITY OF SAN DIEGO,
SAN DIEGO POLICE DEPARTMENT, MCCARTHY and DOES 1 through 10)

48. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 47 as if fully set forth herein.

49. On June 4, 2012, VICTOR was shot and killed by MCCARTHY.

///

50. VICTOR was unarmed when he was assaulted, attacked and shot, and he had not posed any reasonable threat to any other person so as to justify the use of deadly force against him. Accordingly, MCCARTHY's use of deadly force under these circumstances was not consented to, and was excessive, unlawful, malicious, oppressive and with a deliberate indifference to VICTOR's rights and safety, thereby justifying the imposition of punitive damages against the individual Defendants in an amount to be determined according to proof at trial.

51. As a legal result of the Defendants' conduct as described here, prior to his death, and before he actually died, VICTOR suffered severe physical and emotional pain and injury to his mind and body, all in an amount to be determined according to proof at trial.

## FIFTH CAUSE OF ACTION

(WRONGFUL DEATH against CITY OF SAN DIEGO,
SAN DIEGO POLICE DEPARTMENT, MCCARTHY and DOES 1 through 10)

52. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 51 as if fully set forth herein.

53. On and before June 4, 2012, SHAKINA was the wife of VICTOR, and the mother and heir at law of JACOB and TAMIA, entitled to bring this action pursuant to California Code of Civil Procedure sections 377.60(a) and 377.32.

54. On June 4, 2012, at the time and place described above, VICTOR was shot and killed by MCCARTHY, legally resulting in his death.

55. As a legal result of MCCARTHY's conduct as described here, and VICTOR'S death, Plaintiffs have sustained damages resulting from the loss of VICTOR'S love, comfort, society, companionship, attention, services and financial support, all in an amount to be determined according to proof at trial.

56. As a further legal result of each of the Defendants' conduct, SHAKINA, TAMIA and JACOB have lost earnings in the past, and will lose earnings in the future, all in an amount to be determined according to proof at trial.

///
///

57. As a further legal result of each of the Defendants' conduct, SHAKINA has incurred medical expenses relating to the shooting, and funeral and burial expenses in an amount to be determined according to proof at trial.

### SIXTH CAUSE OF ACTION

(NEGLIGENCE against CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, MCCARTHY and DOES 1 through 10)

58. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 57 as if fully set forth herein.

59. On or about June 4, 2012, VICTOR was mistakenly, carelessly and negligently assaulted and fatally shot by MCCARTHY. In addition, MCCARTHY mistakenly, carelessly and recklessly used excessive and deadly or potentially deadly force on VICTOR by firing his service pistol at VICTOR when there was no reasonable or probable cause to do so. VICTOR had not threatened MCCARTHY or any other person, and MCCARTHY's actions were not reasonably undertaken in self-defense or in the defense of others. Alternatively, MCCARTHY mistakenly, carelessly and negligently investigated VICTOR's presence at the apartment complex and mistakenly, carelessly, and negligently concluded that his presence justified the use of deadly force against them.

60. As a further legal result of each of the Defendants' conduct, Plaintiffs have lost earnings in the past, and will lose earnings in the future, all in an amount to be determined according to proof at trial.

61. As a further legal result of each of the Defendants' conduct, SHAKINA has incurred medical expenses relating to the shooting, and funeral and burial expenses in an amount to be determined according to proof at trial.

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

### FOR THE FIRST CAUSE OF ACTION

1. For general damages, including pain and suffering and for the deprivation of civil rights, in an amount to be determined according to proof at trial;

///

2. For medical and related expenses, loss of earnings, and funeral and burial expenses, in an amount to be determined according to proof at trial;

3. For punitive damages in an amount to be determined according to proof at trial; and

4. For costs, attorneys' fees and expenses in an amount to be determined according to proof at trial pursuant to 42 U.S.C. section 1988 and 28 U.S.C. section 2412.

## FOR THE SECOND CAUSE OF ACTION

1. For general damages in an amount to be determined according to proof at trial;

2. For medical and related expenses in an amount to be determined according to proof at trial;

3. For attorneys' fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to California Civil Code section 52 subdivisions (a) and (b)(3);

4. For punitive damages against each of the individual Defendants pursuant to California Civil Code section 52, subdivision (b)(1); and

5. For statutory civil penalties against Defendants of $25,000.00.

## FOR THE THIRD CAUSE OF ACTION

1. For general damages in an amount to be determined according to proof at trial;

2. For medical and related expenses, loss of earnings, and funeral and burial expenses, in an amount to be determined according to proof at trial;

3. For punitive damages and a statutory civil penalty against each of the individual Defendants; and

4. For an award of reasonable attorney fees as provided for in California Civil Code sections 52.1, subdivisions (b) and (h), in an amount to be determined according to proof at trial.

## FOR THE FOURTH CAUSE OF ACTION

1. For general damages in an amount to be determined according to proof at trial;

2. For medical and related expenses, loss of earnings, and funeral and burial expenses, in an amount to be determined according to proof at trial; and

3. For punitive damages in an amount to be determined according to proof at trial.

## FOR THE FIFTH CAUSE OF ACTION

1. For general damages in an amount to be determined according to proof at trial, including loss of love, companionship, affection and support; and

2. For medical and related expenses, loss of earnings, and funeral and burial expenses, in an amount to be determined according to proof at trial.

## FOR THE SIXTH CAUSE OF ACTION

1. For general damages in an amount to be determined according to proof at trial, including pain and suffering and loss of love, companionship, affection and support; and

2. For medical and related expenses, loss of earnings, and funeral and burial expenses, in an amount to be determined according to proof at trial.

## FOR ALL CAUSES OF ACTION

1. For costs of suit; and

2. For such other and further relief as the court deems just and reasonable.

DATED: January 11, 2013                           HIGGS FLETCHER & MACK LLP

By: *s/ CHRISTINA M. DENNING*
PAUL J. PFINGST, ESQ.
CHRISTINA M. DENNING, ESQ.
Attorneys for Plaintiffs
SHAKINA ORTEGA, individually, and as successor of interest of VICTOR ORTEGA, deceased;
TAMIA ORTEGA, a minor, by and through her guardian Shakina Ortega; and
JACOB ORTEGA, a minor, by and through his guardian Shakina Ortega

1104120.2