UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKINA ORTEGA, etc., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT, etc., et al.,<br><br>    Defendants. | Case No. 13-CV-87-LAB (JMA)<br><br>**ORDER ON JOINT MOTION REGARDING ORTEGA'S "PITCHESS" REQUEST TO OBTAIN DEFENDANT JONATHAN MCCARTHY'S SAN DIEGO POLICE DEPARTMENT PERSONNEL FILE**<br>**[DOC. NO. 26]** |

The parties have filed a Joint Motion for Determination of Discovery Dispute regarding the production of internal law enforcement documents by Defendant Jonathan McCarthy ("Defendant") to Plaintiff Shakina Ortega. Doc. No. 26. Pursuant to the Court's *Procedures for Obtaining Internal Law Enforcement Documents*, Defendant submitted a binder of all documents listed on its "Privilege Log - Request for Production, Set One" to the Court for *in camera* review. The Court has now reviewed the joint motion and subject documents. Based upon the *in camera* review and the Court's evaluation of the parties' arguments, the Court issues the following order.

//

## I. BACKGROUND

This action is brought under 42 U.S.C. § 1983 against the San Diego Police Department, Jonathan McCarthy, and the City of San Diego by Plaintiffs Shakina Ortega, Tamia Ortega, and Jacob Ortega, the surviving spouse and children of decedent Victor Ortega. Plaintiffs allege that on June 4, 2012, Defendant McCarthy, who responded to a 911 call made by Shakina Ortega reporting domestic violence, shot and killed Victor Ortega following a foot pursuit. Plaintiffs, who allege that Defendant McCarthy had no probable cause to justify the use of deadly force, assert claims for violation of civil rights, discrimination, assault and battery, wrongful death, and negligence.

Plaintiff Shakina Ortega ("Plaintiff") presently moves the Court for an *in camera* review of Defendant McCarthy's police personnel file, and for an order to produce documents pursuant to the stipulated protective order in this action (see Doc. No. 22). Joint Mot. at 2.

## II. DISCUSSION

### A. Disputed Discovery Requests

Plaintiff Shakina Ortega requests that the Court conduct an *in camera* review of Defendant McCarthy's personnel records to determine which documents are relevant to Plaintiffs' claim for damages, and specifically seeks the following documents:

1. All complaints regarding Officer McCarthy prior to June 4, 2012;
2. All reports or files that concern allegations of use of excessive force by Officer McCarthy;
3. All records of Officer McCarthy's training in the use of lethal and non-lethal force, pursuits, responding to domestic violence calls and handcuffing procedures;
4. All records of Jonathan McCarthy's training and education concerning foot pursuits and all reports of foot pursuits conducted by Officer McCarthy;

5.  All reports or files concerning Officer McCarthy's use of firearms (primary and secondary);

6.  All records regarding training and/or approval of Officer McCarthy's secondary weapon and holster;

7.  All documents regarding Officer McCarthy's history of discipline or disciplinary actions;

8.  All documents identified in Defendants' privilege log, attached as Exhibit "1";

9.  All documents prepared by Internal Affairs; and

10. All documents and things in the Internal Affairs file.

(Joint Mot. at 5.)

Defendants object to the release of any information in Defendant McCarthy's personnel file on the bases that the information is confidential, and is protected from production under California Penal Code section 832.7, and federal and California state privacy laws. Further, Defendants assert the official information privilege as a basis for withholding the documents. (Id. at 5-6.) Defendants request that any information ordered to be produced by the Court be produced pursuant to the parties' stipulated protective order. (Id. at 6.)

**B.   Legal Standards**

Federal Rule of Civil Procedure 26 states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). The scope of discovery under the Federal Rules is extremely broad. See, e.g., Kelly v. City of San Jose, 114 F.R.D. 653, 668 (N.D. Cal. 1987). "The party who resists discovery has the burden to

show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

"[I]n federal question cases where pendent state claims are raised the federal common law of privileges should govern all claims of privilege raised in the litigation." Perrignon v. Bergen Brunswig Corp., 77 F.R.D. 455, 459 (N.D. Cal. 1978). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly, 114 F.R.D. at 655.

With respect to a party's assertion of privacy rights as a means to protect documents from discovery, federal courts ordinarily recognize that a constitutionally-based right of privacy can be raised in response to discovery requests. Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995). The resolution of a privacy objection involves a balancing of the need for the information sought against the privacy right asserted. Id. (citing Perry v. State Farm Fire & Cas. Co., 734 F.2d 1441, 1447 (11th Cir. 1984)). "In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential." Soto, 162 F.R.D. at 616. "Federal courts should generally give some weight to privacy rights that are protected by state constitutions or state statutes." Kelly, 114 F.R.D. 653, 656 (N.D. Cal. 1987). "However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." Soto, 162 F.R.D. at 616.

The privilege set forth in California Penal Code section 832.7, upon which Defendants rely in part to protect the subject documents from discovery, provides as follows:

> Peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil

      proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code.

Cal. Penal Code § 832.7(a). Federal courts, however, have found that section 832.7 is not applicable in evaluating discovery disputes in 42 U.S.C. § 1983 claims. See, e.g., Green v. Baca, 226 F.R.D. 624, 643-44 (C.D. Cal. 2005); see also Miller v. Pancucci, 141 F.R.D. 292, 298-99 (C.D. Cal. 1992) (finding California rules for discovery and privileges, including California Evidence Code section 1043, referenced in sections of California Penal Code, to be "fundamentally inconsistent" with federal law and the liberal federal policy on discovery). The Court therefore will not apply California Penal Code section 832.7 to its analysis of this matter. See Soto, 162 F.R.D. at 609 (refusing to apply California privilege law to similar discovery dispute involving police files).

      Federal common law recognizes a qualified privilege for official information. Kerr v. United States Dist. Ct. for the Northern Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975). The discoverability of official documents is determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." Kelly, 114 F.R.D. at 661. The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." Id. at 669. The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters attested to in the affidavit. Id. The affidavit must include: (1) an affirmation that the agency has generated or collected all of the subject material and that it has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff and/or his or her attorney; (4) a description of how disclosure

subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and (5) a projection of how much harm would be done to the threatened interest or interests if disclosure were made.  Id. at  670.

**C.      Relevance**

     **1.      Prior Complaints and Allegations of Excessive Force Against Defendant McCarthy (Category Nos. 1 & 2)**

Plaintiff seeks to obtain documents pertaining to prior complaints and allegations of excessive force against Defendant McCarthy.  Records of citizen complaints against defendant law enforcement officers have been found relevant to a plaintiff's civil rights claim.  Soto, 162 F.R.D. at 620.  Such information "may be crucial to proving [a] [d]efendant's history or pattern of such behavior."  Id.  Information of this type may also be relevant on issues of "credibility, notice to the employer, ratification by the employer and motive of the officers."  Hampton v. City of San Diego, 147 F.R.D. 227, 229 (S.D. Cal. 1993).  Furthermore, such information may be relevant to the issue of punitive damages, as the "information may lead to evidence of a continuing course of conduct reflecting malicious intent."  Id.  Accordingly, the Court finds that documents reflecting prior citizen complaints and allegations of excessive force against Defendant McCarthy are relevant.

While such documents are relevant to Plaintiffs' claims, the Court notes that documents responsive to Category Nos. 1 and 2 were not included in the binder provided to the Court by Defendants for *in camera* review.  Accordingly, the Court presumes there are no such responsive documents.  If this is the case, and if they have not done so already, Defendants shall serve an appropriate discovery response reflecting this fact.  If this is not the case, Defendants shall immediately inform Plaintiff's counsel and the Court of the same, shall explain why said documents were

not previously provided to the Court, and shall make arrangements with the Court for the submission of additional documents for *in camera* review.

### 2. Personnel Documents (Category Nos. 3-7)

Plaintiff also seeks documents relating to the training, use and approval of weapons, and history of discipline of Defendant McCarthy. In cases involving section 1983 claims, courts have repeatedly held that police personnel files are relevant and discoverable. See Green, 226 F.R.D. at 644; Soto,162 F.R.D. at 614-15. This includes any periodic performance evaluations by superiors. See Unger v. Cohen, 125 F.R.D. 67, 70 (S.D.N.Y. 1989) (finding such information to be "clearly relevant" in a section 1983 action arising out of alleged on-duty conduct). Such information is relevant for the same reasons set forth above with respect to the relevance of citizen complaint records. See, e.g., Hampton, 147 F.R.D. at 229; Soto, 162 F.R.D. at 614-15. Additionally, employee performance appraisals may contain information on an officer defendant's "ethics, interpersonal relationships, decision making abilities, work and safety habits, and crime scene management techniques." Soto, 162 F.R.D. at 615. In accordance with these authorities, the Court finds that the following documents are relevant and responsive to Plaintiff's discovery requests: Pages 0004, 0017, 0018, 0046-0047 (performance evaluation referencing the subject incident), 0048-0050 (performance evaluation referencing a foot pursuit involving Officer McCarthy), 0066, and 0069.

### 3. Internal Affairs Records of Subject Incident (Category Nos. 9 & 10)

This information is relevant. See Kelly, 114 F.R.D. at 665-66 (stating that internal affairs investigations, including the statements that go into such reports and the opinions and recommendations that conclude them, are "presumptively discoverable"). Accordingly, the following documents,

consisting of the Internal Affairs file of the subject incident, are relevant: Pages 0090-0611.[1]

### D. Privacy Objection

As set forth above, resolution of a privacy objection requires a balancing of the need for the information sought against the privacy right asserted. Here, the Court finds Plaintiff's need for the information sought is great. This information is unlikely to be available from any source other the Defendants' records. As the court in Kelly stressed, there is a strong public interest in uncovering civil rights violations of the type at issue in this case. Soto, 162 F.R.D. at 617; Kelly, 114 F.R.D. at 667. After considering "the great weight that is afforded to federal civil rights laws" (see Soto, 162 F.R.D. at 617) and the case law, discussed above, the Court finds the privacy interests asserted by Defendants with respect to these documents on the whole are outweighed by Plaintiff's need for the information. Moreover, a stipulated protective order was entered in this case on July 24, 2013, which limits the dissemination of any documents ordered disclosed. See Doc. No. 22. The protective order and, as discussed below, the redaction of any highly personal information for which Plaintiff has not shown a need, will amply protect Defendants' privacy interests. See, e.g., Soto, 162 F.R.D. at 616 (stating that "[a] carefully drafted protective order could minimize the impact of . . . disclosure").

### E. Official Information Privilege

Defendants fail to demonstrate any of the requirements that are necessary to establish the official information privilege applies to any of the documents at issue. Kelly, 114 F.R.D. at 669. Furthermore, as previously

---

[1] The Court notes that Pages 0334-0336 appear to be misplaced in the subject Internal Affairs file as they related to a different incident. Additionally, although Defendants' privilege log indicates that the Internal Affairs file is comprised of pages 0090 to 0611, the last page in the binder provided to the Court is numbered 0582.

mentioned, a protective order has been entered that mitigates against a risk of harm to Defendants' interests. The Court, thus, concludes the official information privilege does not bar discovery of the information sought.

**F.     Redactions**

To the extent personal information of Defendant McCarthy – i.e., home address, telephone number, family members, etc. – or the name or personal information of other law enforcement officers exists within the documents to be produced – such information may be redacted prior to production, as Plaintiff has not shown a need for such information.

**G.     Documents Required to be Produced**

The following documents shall be produced to Plaintiff subject to the protection of the Protective Order previously entered in this case:

0004

0017

0018

0046-0047

0048-0050

0066

0069

0090-0611 (Pages 0334-0336 may be withdrawn per footnote 1, supra. If the Internal Affairs file goes only to page 0582, and not 0611, Defendants shall serve an amended privilege log reflecting this.)[2]

All other documents provided to the Court for *in camera* review are not responsive to Plaintiff's discovery requests and are not relevant to the claims made in this case, and thus need not be produced.

---

[2] Any electronically stored information (e.g., photographs, sound recordings) contained within this file (or any document ordered to be produced) shall be produced in accordance with Fed. R. Civ. P. 34(a)(1)(A).

### III. CONCLUSION

Based on the foregoing, and pursuant to the Court's *in camera* review, the Court **ORDERS** Defendants to produce all documents required to be produced in this Order pursuant to the Protective Order entered by the Court on July 24, 2013. All documents shall be produced to Plaintiffs within one week of the date of this Order.

Defendants shall contact the undersigned's chambers at (619) 557-5585 to make arrangements to retrieve their documents.

**IT IS SO ORDERED.**

DATED: October 21, 2013

Jan M. Adler
U.S. Magistrate Judge