# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKINA ORTEGA, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>　　vs.<br>SAN DIEGO POLICE DEPT., et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 13cv87-LAB (JMA)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS** |

Shakina Ortega appeals from a jury verdict for defendants Jonathan McCarthy and the City of San Diego. Ortega asks the Court to authorize her to proceed in forma pauperis. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915. The Court should deny the motion if the moving party fails "to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Ortega identifies four errors that all turn on a common issue: the jury may have found for the defendants because jurors thought that McCarthy, and not the City of San Diego, would be financially responsible for any judgment. The Court finds this argument is frivolous.

The jury found that Officer McCarthy acted in self-defense. To make that finding, the jury instruction explained that the jury needed to find both Officer McCarthy *and* the City of San Diego were not liable:

> Officer McCarthy and the City of San Diego are not liable if Officer McCarthy was justified in killing Victor Ortega in self-defense . . . . Officer McCarthy and the City of San Diego have the burden of proving by a preponderance of the evidence that the killing was justified. If Officer McCarthy and the City of San Diego have not met this burden, then self-defense has not been established.[1]

The verdict form was clear that the City of San Diego, not just Officer McCarthy, could be found liable. Specifically, the jury was asked if "Jonathan McCarthy and the City of San Diego" were liable for battery and wrongful death. Jurors unanimously answered "no." Both the verdict form and the jury instructions made it clear that the City of San Diego was on the hook for any damages if the jury found Officer McCarthy violated the law.

The potential issues Ortega identifies are also frivolous for another reason: if the jury thought McCarthy was liable, but hesitated to find against him because jurors were concerned that he would have to pay a judgment, the jury could have found him liable and awarded only a small sum of money that they thought he could afford. But they didn't. The Court finds nothing to support Ortega's contention that the specter of Officer McCarthy's personal liability may have influenced the jury's decision.

Courts have the "power to protect the public from having to pay heavy costs incident to the inclusion of 'wholly unnecessary' matters in an in forma pauperis appeal." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1948). Because the Court finds that Ortega's contentions aren't supported by the record, her request to proceed in forma pauperis is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 4, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Dkt. 180, Instruction No.18. *See also* Instruction No.14 ("Ortega claims that Officer McCarthy battered Victor Ortega . . . and McCarthy and the City of San Diego are liable for this injury."); Instruction No.15 ("Ortega's Heirs also claim that Officer McCarthy and the City of San Diego are responsible for the wrongful death of Victor Ortega.").